Wanamaker, J.
The first error claimed by plaintiff in error grows out of his cross-examination by the state, which appears in the record as follows:
“Q. Now, I will ask you if on August 22, 1917, you were arrested by McCoy and Eoush for purse snatching in the city of Lima and were fined ten dollars and costs? A. No, sir.
“Q. You wouldn’t say you were not arrested for purse snatching? A. I was not arrested; no, sir.
“Q. Don’t know anything about that case? A. No, sir.
“Q. And not fined ten dollars and costs? A. No, sir.”
The state, in rebuttal, called a witness in charge of the record of conviction above referred to, and the record after identification was admitted as state’s Exhibit B over the objection and exception of the prisoner.
It was claimed by the plaintiff in error that this was clearly irrelevant and prejudicial and in violation of his constitutional rights. It is urged by plaintiff in error’s counsel that “this evidence was clearly inadmissible because the state was bound by the answer of the witness [the defendant] and evidence could not be offered in rebuttal to contradict or affect his answer, or be proof of conviction for other crime.” Counsel then cited a number of cases that are claimed to sustain this proposition.
*483 In further support of this proposition it is claimed that the court of appeals itself in its opinion admits error in the introduction of such record, in the following language:
“Afterwards over the objection and. exception of accused the state was permitted to offer proof of the arrest and conviction of accused of this separate and distinct crime. This was clearly erroneous, and under ordinary circumstances would be held to be prejudicial error. The prosecutor knew, or ought to have known, that he had no right to offer this proof and his conduct in so doing is highly reprehensible. There is no excuse for such conduct and the prosecutor, in thus trifling with the rules of evidence, took great chances of having the case reversed and all his efforts toward a conviction in this way rendered of no avail (31 O. S., 100).”
One of the early Ohio cases involving this question of the competency of other convictions in a cross-examination of the defendant is that of Coble v. State, 31 Ohio St., 100, relied upon to sustain the contention of plaintiff in error. The pertinent portion of the syllabus in that case is paragraph 2:
“The credibility of a witness can not be affected by showing his former conviction of an offense under a city ordinance against disorderly conduct. A conviction which may be shown to affect the credibility of a witness, under section 139 of the criminal code (66 Ohio L., 308) is such only, as, independent of the section, would have rendered the convict incompetent to testify.”
Now it is well known that in early days the defendant was denied the right to testify in his own behalf because of the very great inducement and temp *484 tation to perjure himself. Likewise, anyone who had been convicted of a crime against the state or the nation was disqualified as a witness.
In 1869 the general assembly of Ohio passed an act (66 O. L., 308) providing among many other things that “No person shall be disqualified as a witness in any criminal prosecution by reason of Ms interest in the event of the same, as a party or otherwise, or by reason of his conviction of any crime, but such interest or conviction may be shown for the purpose of affecting his credibility.”
That legislative rule of evidence has been very generally followed by our courts ever since the decision of the Coble case, supra.
One of the big questions that every jury has to determine, where there is a conflict of material facts, is the credibility of the witnesses who testify before them. What is their character; their reliability for truth? What is their interest or bias, if any, in the cause on trial?
In order to aid the jury and the judge in determining this question, to enable them to rightly and justly weigh the evidence, large latitude has been allowed in the cross-examination of those who are particularly interested in the result of a verdict or judgment, and, in all such cases, convictions of high crimes and misdemeanors, convictions of crimes under state and federal laws, have been considered by courts as competent when limited solely to the credibility of the witness, unless, of course, they bear some causal connection to the crime charged in the indictment upon which the instant trial is proceeding; or unless competent in chief to prove some specific intent. ■ . •
*485 Evidence relevant upon the question of credibility, especially of an interested witness, is in no sense collateral, but goes directly to the weighing of his testimony, which the jury and the court must do if the testimony relates to any matter material to the controversy.
The old-time question, “How many times have you been arrested?” is clearly in and of itself unimportant and incompetent. It is a matter of common knowledge that arrests occur daily because of mistaken identity, mistakes as to law, mistakes as to facts, and the bare fact of one’s arrest in no wise reflects on one’s character; but conviction for crime under state and federal law is quite another matter, and goes vitally to the character of the convict.
Judge Mcllvaine, in the Coble case, at page 102, soundly suggests: “Convictions for violations of city ordinances never disqualified a person from testifying in any'cause, and, therefore, such convictions cannot be shown under favor of this section for the purpose of affecting the credibility of the witness.”
An examination of the record in the municipal court of the city of Lima, introduced in this case to show conviction, discloses the fact that the cause is entitled “The State of Ohio v. Clyde Harper,” and was for' the violation of a statute of the state. It is therefore wholly foreign to the Coble casé, except that the doctrine announced in the Coble case shows clearly that the conviction- was competent as evidence.
This same- doctrine is announced, and reaffirmed, in another case cited in plaintiff - in error’s brief, Kent v. State, 42 Ohio St., 426. The syllabus reads:
*486 “1. Where a witness has been cross-examined' as to matters which are merely collateral and immaterial to the issue and such as have no tendency to show bias or interest in favor of or against a party, his answer is, in general, conclusive upon the party making the inquiry; but where the cross-examination is with respect to matters involved in the subject under consideration, or is with the view of showing the feeling, bias or interest of the witness with respect to the parties or either of them, the party cross-examining may, in a proper case, call witnesses to contradict the testimony so elicited on cross-examination.”
Judge Okey in his opinion reviews a large number of cases sustaining this doctrine.
The present form of the statute, Section 13659, General Code, shows the preservation of this wholesome rule as to the conviction of former crime. So far as pertinent, Section 13659 reads:
“No person shall be disqualified as a witness in a criminal prosecution by reason of his interest in the event thereof, as a party or otherwise, or by reason of his conviction of crime. * * * Such interest, conviction, or relationship may be shown for the purpose of affecting the credibility of such witness.”
There was not only no error in the admission of the record in this case, but the evidence was clearly competent, in view of the answer of the defendant himself upon the stand.
Now, as to the second objection, relating to the exclusion of evidence. The plaintiff in error’s brief complains as follows:
*487 . “The prosecutor had inquired of the prisoner on cross-examination in respect to the larceny of cigars and a coat from the Wigwam cigar store. The prisoner was then a boy in his teens. It was sought on re-examination to prove that the coat was given to him by one of the boys engaged in the theft, and that when the prisoner heard of the crime a day or two later he took the coat to a policeman. That he was then urged to plead guilty because he had the coat and leniency would be extended. That this was done and that he suffered for a crime he did not commit. The offer of such evidence was excluded.”
The same claim was made regarding the theft of a ring. It is claimed in behalf of the plaintiff in error “that the prisoner was wrongfully and illegally denied the right to make ‘these explanations.’ ”
No man can be convicted of a crime without being duly charged therewith and having had his day and opportunity to answer, in open court, under the well-established rules of law. But when that day and opportunity to answer have been had, and the answer is made up into the form of a verdict and judgment' of a court, unreversed and unappealed from, that judgment must forever stand, under the well-known and long-established rule of res adjudícala. If newly-discovered evidence brings about a new trial and subsequent acquittal, of course that may be shown; or, if the conviction should be followed by a pardon, that could likewise be shown. But the conviction itself can not thereafter be questioned, either by the convict or anybody in his behalf.
Now in this case the defendant himself sought to impeach the record of the court evidencing his own plea of guilty, a conviction out of his own mouth. *488 If court records should he.thus open to controversy after once,having been legally closed, and .the party, against whom the record speaks given full, oppor-, tunity to prosecute appeal or error,, when would, a controversy, civil or criminal, ever be finally adjudicated?
The trial court in denying the prisoner the right to impeach or contradict the record in this case, which related to his credibility as a witness, was abundantly justified not only by common sense but by the common law and the statute law, with an abundance of decisions in support thereof. The record unmistakably discloses that, the defendant himself, by reason of his past predatory character, established by the commission of similar crimes, would be regarded by the average American jury as totally unworthy of credit as a witness where there were trustworthy and disinterested witnesses, of good character, to the contrary.
We find no error prejudicial or otherwise materially affecting the substantial rights of the accused, and the judgment is therefore affirmed.

Judgment affirmed.

Marshall, C. J., Hough, Robinson, Jones, Matthias and Clark, JJ., concur.